Opinion op the Court.
Pennebaker filed his bill in chancery against Davis and Beall, in which he alleges that M’Gee had executed his note to Beall for $300 in horses, with a stipulation that the note was not to be paid until the conveyance was made to M’Gee, of the land which was the consideration of the note; and that the note was assigned by Beall to Davis, and by Davis to Pennebaker. He charges that before he purchased the note and took an assignment of it, both Beall and Davis represented to him that the conveyance of the title had been made to M’Gee, according to contract, and that M’Gee would pay without suit; but promised, if he failed to dp so, that they would furnish the evidence of the conveyance, necessary to enable Pennebaker to recover; that M’Gee refused to pay the note when called on for tha¡t purpose, and that Pennebaker brought suit upon the *191 note, oending which, he notified Beall and Davis to pro-dace me evidence of the conveyance having been made; but that they had failed to do so. He further charges, that on the trial he read in evidence the will: of the pa-tentee, whereby he devised the tract of land sold by Beall to M’Gee, except one-fourth ^thereof, which belonged to the locator, to Beall and two others, a deed of conveyance from the two other devisees to Beall, and a deed, of conveyance from Beall to M’Gee; but that he was urt.able.to producenny conveyance from the locator to Beall, and' that the court having instructed the jury that he coiild not recover, without showing that Beall had obtained a conveyartce of the locator’s part, a well as the interest of the other devisees of the paten-tee, he suffered a nonsuit, that he might not compromit the interest of Beall and Davis; and he prays for relief against Davis and Bfeall.'
Davis answered, and made his answer a cross bill against Beall, who also answered, and made bis-answer a cross bill against M’Gee. ' Davis’ answer, as he is not now a party in the writ*of error, need not be noticed. Beall, in his answer, admits the contract between him and M’Gee, and the assignment of the note given by M’Gee for the land, to Davis, and by Davis to Penne* bakar; and he admits the devise by the patentee to him and-two others, of the land, except' 'the locator’s part, an<f that the <D¡t;her devisees had conveyed to him, and he to.IVPGe'e, as"stated in the hill; and he alleges that he had purchased and paid for the locator’s interest, and taken his bond therefor, which was destroyed or lost by accident, of which M’Gee was apprised. He charges that M’Gee had accepted the deed, and, taken possession of the land under his title, and still holds it; and prays, if Pennebaker should succeed in obtaining a decree, that M’Gee may be compelled to pay the amount due, and costs; or, on failure or refusal to do so, that he surrender the possession of the land, and that the contract between them be rescinded; and he, moreover, asks for general relief.
The cross bill of Beall was taken for confessed against M’Gee, he having failed to answer; and on a final hearing, the circuit court decreed that Davis should pay io Pennebaker §300, with interest and the costs of ¡the suit at cemnwa law; that Beall should pay the *192 same to Davis, and that M’Gee should pay tbe same to. Beall. ' : ■ .' -
Either the vendor or vendee in an executory contract for the sale of land, may resort to acourt of equity for a specific execution of the contract.
The vender in an executed contract for land, may resort to a court of equity to enforce his lien for the purchase money.
To the decree pronounced in favor of Beall against M’Gee,, theTatter has prosecuted this writ of error with supersedeas1. The first point made by the assignment of errors, is, that the'court had no jurisdiction, as between Beall and M-’Gee.
1. This point is c[ear]y untenable. Whether we consider the contract on the part-of Beall as executed, or not, the ground upon whichfa- 'cdur't of equity may take jurisdiction of the case, is equally manifest., Considering the contract as unexecuted on the part of Beall, as it was so on the part of M’Gee, it would be the peculiar province .of a court of equity to decree its specific execution; and it is well settled, that either the vender or vendee may resort, to a court of equity for, that.pftr-pose. '
2. But supposing the contract to be executed on tbe part of Beall, still, we apprehend, he might resort to a court of equity for relief. For.although in that case he might have a remedy at law, inhere he , would be entitled to recover the same as in a court of equity- yet, as he holds' a lien upon the land for the purchase money, he has a right to resort to a court of equity to ..enforce the lien, which a court of law capnot do. Itis^ruc, that the decree'in -this case did riot subject the'land to be sold in virtue of the lien; but it might, with propriety, have been done; and certainly M’Gee xanñ'ot complain that the relief decreed to Beall was not as extéh-sive and efficient as it might have been.
The second point made by the assignment of errors>, which we shall notice, is, that tbe circuit court erred in decreeing M’Gee to pay money, instead of property, as he was bound to do by the contract. This point is attempted to be maintained upon two grounds:- 1st, That Beall had not conveyed, as he was bound to do, before he could demand payment on the part of M’Gee; and 2dly, that no demand was made of the property, .of M’Gee, without which, it is contended he could not be in default.
With respect to the first of these -grounds, we must premise that as the cross, hill of Beall, was regalarly taken for confessed against M’Gee, its allegations must be considered as true. We must, therefore, assume it to. be true., that Beall had a title devised to_him front *193 Ihe patentee, for three-fourths of the land sold by him; that he had purchased the other fourth from the locator, and taken his bond therefor, which was destroyed or lost by accident, of which M'Gee was apprised, and that Beall conveyed to M’Gee, who accepted the conveyance, and entered upon the possession of the land, which he still holds. Now, although it is evident, if it had been understood by the parties that Beall was to have conveyed the legal title, that M’Gee would not have been bound to have received a conveyance from him, unless Beall had.obtained a conveyance of the locator's interest; yet, as he in fact, with a knowledge of Beall’s title in that respect, accepted of the conveyance from Bead, and took possession under it, he must he considered, we apprehend, as having waived any objection to the title on that ground. But, in truth, it was not understood by the parties that Beall had the Iggal title, or was hound to convey it; for it is stated on the face of the contract, that “ it was understood that Beall’s patent was of later date than that of M’Gee and hence we infer that the two patents interfered, and as that of M’Gee was the elder, he must have had the legal title; and, of course, it could not have been understood by the parties, that Beall was to do more than to convey his equitable title under the junior patent.
Ori a contract to I’N °n a even^no'cle-mand is no-cessa>7, un-ofThe event'is wit¿*n tlie kn°wl-payee only.
3. Taking it, then, for true, that Beall, as he alleges, had purchased by bond the locator’s interest, he must have acquired thereby an equitable title to that, and c&nsequently, must, by his conveyance, have transferred it to M’Gee. In strict propriety, therefore, the conveyance was a performance of the contract on the part of Beall, and gave him a right, more especially as the conveyance was accepted by M’Gee, to insist on & performance of his part of the agreement.
With respect to the necessity of a demand of payment, before M’Gee could be in default, little need be said. It has been long settled by the repeated adjudications of tliis court, that where property is payable on a given day, a demand is not necessary, and that the party bound to make the payment, can only discharge himself by pleading and showing a tender on the day. The same reason applies to this case, where the property was payable on the conveyance being made, by Reall; for there can be no difference in principle, in *194 this respect, between a contract to pay on a particular day, and a contract to pay on a particular event. If, indeed, the event was within the knowledge of the payee only, the case might be different; but here the event upon which the payment was to be made, was equally within the knowledge of both parties, and of course it was not necessary to show either notice or demand.
There are other points made by the assignment of errors; but they are such as either question the proceedings between the other parties, which we apprehend M’Gee has no right to do, or are involved in the ' points already considered.
The decree must, therefore, be affirmed with costs and damages.